**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 10, 2026

**By ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Martinez Martinez v. Joyce, et al.*, No. 26 Civ. 2858 (LAK)

Dear Judge Kaplan:

This Office represents the government in the above-referenced immigration habeas corpus action brought by Petitioner Allan Josue Martinez Martinez. On April 8, 2026, the Court issued an order requiring the government to provide certain information by today. ECF No. 5. I write respectfully to provide that response.

**a. Whether petitioner was … located in the Southern District of New York at the time the petition was filed …;**

The Petitioner was located within the Southern District of New York at the time the petition was filed, and therefore venue is not in dispute.

**b. Petitioner's A-number, place and judicial district of detention as of the time of the filing of the letter, and the name and contact information of a person who will facilitate counsel's access to petitioner;**

Petitioner's A-number is 209 842 903. He is currently detained at the Metropolitan Detention Center in the Eastern District of New York. To contact Petitioner, counsel may call (212) 863-3401, or email NYCEROAttorneyInquiries@ice.dhs.gov. More information about attorney visitation, calls or video teleconferencing can be found here: https://www.ice.gov/detain/detention-facilities/mdc-brooklyn.

**c. The statutory provision or provisions under which respondents assert the authority to detain petitioner;**

The government asserts that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A).

**i. If the asserted basis for petitioner's detention is the Immigration and Nationality Act ("INA") Section 235(b)(2)(A), whether there is any basis to distinguish this case from *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025), and if not, whether respondents**

**waive the right to answer and consent to issuance of the writ subject to preservation of respondents' arguments for appeal.**

In short, on the primary legal issue presented in this case—whether the statutory authority for Petitioner's detention is 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A)—this case is not materially distinguishable from this Court's prior decisions in *Barco Mercado*. However, this case is distinguishable for purposes of a remedy, as discussed below.

In *Barco Mercado*, the petitioner was released on bond in 2022, but then was arrested by ICE in August of 2025 after an immigration hearing. *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903 at *491, 492 (S.D.N.Y. Nov. 26, 2025). This Court ordered release in *Barco Mercado* because "the current administration's change of heart on July 8, 2025, exceeded its authority and, in any case, was wrong. Under the law as it stood in 2022, as it stood on July 8, 2025, and as it stands now, Mr. Barco was eligible for – and had received – release on bond. The only thing that had changed was that the current administration told ICE agents in substance that it did not agree with the law that had been applied consistently for decades, and that ICE agents should arrest noncitizens, even those who had been released pending removal proceedings, who have lived here for lengthy periods, and who have complied with the conditions of their release." *Barco Mercado*, 2025 WL 3295903 at *492. Unlike the petitioner in *Barco Mercado*, Petitioner was arrested by the Fort Worth Police Department ("FWPD"), then transferred into ICE custody, then into the custody of the U.S. Department of Health and Human Services, Office of Refugee Resettlement ("ORR"), and then into ICE custody again. He was not released on bond and then rearrested by ICE, as discussed below.

By way of background, on October 28, 2016, Petitioner, a citizen of Honduras, unlawfully entered the United States without inspection over the southern border near Hidalgo, Texas. He was encountered by a U.S. Border Patrol officer, and because he was eight years old at the time, he was processed as an unaccompanied alien child. On October 30, 2016, he was transferred to Cayuga Centers in New York, a facility associated with ORR. On November 12, 2016, he was released on his own recognizance, into the custody of his mother. Though removal proceedings were commenced against Petitioner, they were dismissed on February 27, 2023, on the basis of the approval of a petition with U.S. Citizenship and Immigration Services.

On July 28, 2025, U.S. Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), was advised by the FWPD that Petitioner had been arrested on several charges, including aggravated assault with a firearm, a felony in the second degree. On August 25, 2025, Petitioner was remanded from state custody into ICE custody, and again placed with ORR in Dobbs Ferry, New York. On September 1, 2025, Petitioner was issued another Notice to Appear ("NTA"), Form I-862, charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole, and the NTA was filed with Immigration Court on September 3, 2025, thereby recommencing removal proceedings.

Prior to his eighteenth birthday, though ORR had suggested that ERO release Petitioner into his mother's custody upon reaching the age of eighteen, ERO concluded that the least restrictive conditions reasonable under the circumstances, due to the seriousness of the alleged violent criminal conduct, was detention. On that basis, he was transferred from ORR custody to ICE custody on April 7, 2026, when he turned eighteen.

As noted above, the primary legal issue presented in this case concerns the statutory authority for Petitioner's detention—whether it is 8 U.S.C. § 1226(a) or 8 U.S.C. § 1225(b)(2)(A). This Court resolved this identical issue in *Barco Mercado* and, as noted, the facts in this case are not materially distinguishable on that issue. While the government respectfully disagrees with the Court's decision in *Barco Mercado*, the government acknowledges that this decision would control that legal issue if the Court adheres to its prior decision. Thus, while the government does not consent to issuance of the writ, while reserving all rights, including the right to appeal, and to conserve judicial resources while expediting the Court's consideration of this case, the government is content to rely upon, and incorporate by reference, the legal arguments it presented in *Barco Mercado*, and the Court can decide the Section 1225/1226 issue without further briefing. However, should the Court prefer to receive a formal opposition brief in this matter, we will file such a brief upon the Court's request.

Regarding relief, however, this case is materially different from the others that were before this Court, as Petitioner was arrested on July 28, 2025 by the FWPD in connection with criminal charges, and then the FWPD alerted ERO by email regarding Petitioner, who was in their custody. ERO then conducted a review of its records and also conducted a telephonic interview with Petitioner, whereby ERO confirmed that Petitioner was removable. Based on this review and interview, ERO placed Petitioner back into removal proceedings in September of 2025, and also decided to continue to detain him after he aged out of ORR custody. In short, Petitioner was not arrested by ICE based on his alleged criminal conduct, then transferred into ICE custody. Thus, to the extent that the Court finds that Petitioner's detention can only be under § 1226(a), the government respectfully submits that the appropriate remedy is to order a bond hearing be held, not immediate release.

**d. A copy of any final order of removal;**

Petitioner does not have a final removal order.

**e. Any information regarding the procedural posture of any pending Department of Homeland Security or Executive Office for Immigration Review proceedings.**

On March 11, 2026, the Department of Homeland Security ("DHS") received Petitioner's motion to terminate removal proceedings. On March 20, 2026, DHS filed a response to Petitioner's motion, and the Immigration Judge denied Petitioner's motion to terminate removal proceedings on the same date. On April 8, 2026, the Immigration Court issued a hearing notice scheduling a master calendar hearing on April 14, 2026.

* * *

I thank the Court for its consideration of this submission.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _s/ *Tudor M. Neagu*_______________
TUDOR M. NEAGU
Special Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (646) 906-5441
E-mail: tudor.neagu@usdoj.gov
*Attorney for Respondents*

cc: Counsel of Record (by ECF)