**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Allan Josue Martinez Martinez,** | |
| *Petitioner-Plaintiff,* | **Civil Action No.: 26-CV-2858-LTS** |
| **v.** | |
| MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, TODD BLANCHE, in his official capacity as Acting Attorney General of the United States, TODD LYONS, in his official capacity as Director of the U.S. Immigration and Customs Enforcement, WILLIAM JOYCE, in his official capacity as Acting New York Field Office Director for U.S. Immigration and Customs Enforcement; JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services; ROBERT F. KENNEDY, JR. in his official capacity as Secretary of Health and Human Services; ANGIE SALAZAR, in her official capacity as Acting Director of the Office of Refugee Resettlement; U.S. Department of Homeland Security; U.S. Immigration and Customs Enforcement; U.S. Department of Health and Human Services; U.S. Office of Refugee Resettlement; U.S. Department of Citizenship and Immigration Services. | **PETITIONER'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL** |
| *Respondents-Defendants.* | |

**PETITIONER'S MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

1

Petitioner, Allan Josue Martinez Martinez, respectfully submits this motion for leave to file under seal the exhibits in support of his petition for writ of habeas corpus, which he initially filed on April 7, 2026. The exhibits, Exhibits A-D, are attached to this motion. Leave to file under seal is warranted because the supporting exhibits include personally identifying information about the Petitioner, including his A number, his immigration history as a minor, and sensitive information about his mental health and the circumstances of the past approximately eight months in custody as a minor; any public interest in personal documents is minimal.

## BACKGROUND

Petitioner is an 18-year-old young man with Special Immigrant Juvenile Status. Upon information and belief, on July 27, 2025, Allan was arrested in violation of his fourth and fifth amendment rights when he was a minor. On or about August 26, 2025, Allan was told that he was to be released from jail; however, ICE arrested and detained him without notice, placing him in the custody of the Office of Refugee Resettlement ("ORR") in New York State. For several months, Allan's immigration counsel and appointed Young Center advocate advocated that he be released on recognizance ("ROR'ed") to his mother in Texas. On March 5, 2026, a case manager informed Allan and his counsel that he would be reunited with his mother before his 18th birthday. However, on April 7, 2026, Allan's 18th birthday, Immigration and Customs Enforcement ("ICE") agents detained Allan and transferred him to a holding room at 26 Federal Plaza; he has been detained since and is currently in custody at the Metropolitan Detention Center in Brooklyn, New York. Also on April 7, 2026, Petitioner brought the instant petition for a writ of habeas corpus seeking immediate release from custody or in the alternative, a bond hearing by this Court. He now submits this motion for leave to file under seal the exhibits to protect his confidential and sensitive information.

In support of his petition, Petitioner includes four exhibits corroborating his experiences with U.S. immigration authorities, including: his Approval Notice of his I-360 Petition, granting him Special Immigrant Juvenile Status ("SIJS") with deferred action (Exhibit A), confirmation of his detention at 26 Federal Plaza (Exhibit B), a sworn declaration by his immigration attorney, Jocabed Rosario (Exhibit C), and a Child Advocate Best Interests Determination letter in support of Allan's Release on Recognizance (Exhibit D). These documents and correspondence (Exhibits A through D) include sensitive personal identifying information, including, for example, Allan's A number, which would allow anyone to access information about his immigration legal proceedings. Finally, both the sworn declaration and the Best Interests Determination letter contain detailed and sensitive information about Allan's time in ORR custody as a minor, including its impact on his mental health.

## LEGAL STANDARD

The Second Circuit has articulated a three-step process to determine whether documents should be placed under seal. *See Lugosch v. Pyramid Co.*, 435 F.3d 100, 119-120 (2d Cir. 2006). First, the court must determine whether the documents are "judicial documents" such that the presumption of access attaches. *Id.* A "judicial document" is an "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quoting *United States v. Amodeo,* 71 F.3d 1044, 1048 (2d Cir. 1995)). Second, once the court determines that the item to be sealed is a judicial document, the court must then determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts [*i.e.*, the public]." *Id.* (quotation omitted). "Generally, the information will fall somewhere on a continuum from matters that directly affect

3

an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.* (quotation omitted). "Finally, after determining the weight of the presumption of access, the court must 'balance competing considerations against it.'" *Id.* at 120. (quotation omitted). "Such countervailing factors include . . . 'the privacy interests of those resisting disclosure.'" *Id.* (quotation omitted). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *S.E.C. v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001). The proponent of the sealing bears the burden of demonstrating that any document submitted to the court should be sealed. *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## ARGUMENT

### I. The Exhibits Include Sensitive Information About Allan, Including About Events That Occurred When He Was A Minor

As a general matter, Exhibits A through D include sensitive information related to Petitioner's immigration status, basis for seeking immigration relief, and experiences in ORR custody. Specifically, the sworn declaration and Child Advocate Best Interests Determination letter contain highly sensitive information about Petitioner's immigration status, conditions in ORR custody, and his mental health. Such "matters that are highly sensitive and of a personal nature" should not be subject to public disclosure. *R.F.M. v. Nielsen,* 365 F. Supp. 3d 350, 371 (S.D.N.Y. 2019) (quoting Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 190 (2d Cir. 2008)). Protecting the privacy interests of minor children may further weigh against disclosure. *U.S. v. Litvak*, No. 13-CR-19, 2015 WL 328876, at *2 (D. Conn. Jan. 23, 2015) (holding that documents containing a child's medical and educational status should not be disclosed). Further, there are protections under both New York law and the federal rules for

4

treating immigration matters with sensitivity. *Id.* at 371 (citing N.Y. Fam. Ct. Act § 166 and Fed. R. Civ. P. 5.2(c)). Finally, the Child Advocate Best Interests Determination letter contains details about the Petitioner's arrest history that took place when he was still a minor. In general, youthful offender adjudications are treated as confidential and sensitive documents as a matter of law in New York State. N.Y. Crim. Proc. Law § 720.15 (McKinney 2026). All of the exhibits include Petitioner's A number and details about his immigration history. For the same reasons that public access to immigration matters in the federal courts is limited under Fed. R. Civ. P. 5.2(c), maintaining these exhibits under seal is warranted.

## II. Any Public Interest in Petitioners' Personal Documents Is Minimal

Although judicial documents are subject to a "presumptive right of public access," *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995), that right is "not absolute," *Nixon v. Warner Commc'ns, Inc*, 435 U.S. 589, 598 (1978). Courts may consider factors of judicial efficiency and privacy interests. *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).

Here, the facts and information in the exhibits Petitioner seeks to file under seal are not central to the legal questions posed by Petitioner's petition for writ of habeas corpus, which concerns the legality of his continued detention. Therefore, the public interest in these documents is minimal as weighed against Petitioner's privacy interests in maintaining the confidentiality of facts concerning his immigration matters. The government will not be prejudiced by the filing of these documents under seal as they will have access as a party to the case.

## CONCLUSION

For the reasons stated above, the Court should grant leave to file Petitioner's supporting exhibits under seal. Respondents' Counsel has informed the undersigned that he does not object to sealing.

Dated: April 13, 2026                    Respectfully Submitted,


                                         /s/ Beth D. Baltimore
                                         Beth D. Baltimore
                                         Ellinor Rutkey
                                         THE DOOR'S LEGAL SERVICES CENTER
                                         121 Avenue of the Americas, 3rd Floor
                                         New York, New York 10013
                                         917-701-9130
                                         bbaltimore@door.org


                                         *Attorneys for Petitioner*