UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALLAN JOSUE MARTINEZ MARTINEZ,

         Petitioner,

   -against-             26-cv-2858 (LAK)

MARKWAYNE MULLIN, etc., et al.,

         Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/14/2026

**MEMORANDUM AND ORDER GRANTING
PETITION FOR WRIT OF HABEAS CORPUS**


Appearances:

Beth D. Baltimore
Ellinor Rutkey
THE DOOR'S LEGAL SERVICES CENTER
*Attorneys for Petitioner*

Tudor M. Neagu
Special Assistant United States Attorney
JAY CLAYTON
UNITED STATES ATTORNEY
*Attorney for Respondents*


LEWIS A. KAPLAN, *District Judge.*

   Allan Josue Martinez Martinez is an 18 year old native of Honduras who has lived in Fort Worth, Texas, with his mother and two brothers since he was 8 years old.[1] He is fluent in English and graduated from high school last spring, one year earlier than his expected graduation

---

[1] Am. Pet. (Dkt 12) ¶¶ 28-29.

date.[2] He has held Special Immigrant Juvenile Status ("SIJS") since November 4, 2019.[3] His SIJS in theory makes it easier for him to apply for permanent residency in the United States despite having entered the country unlawfully.[4] He has received also a four-year grant of deferred action between May 12, 2022, and May 12, 2026, in theory giving him a "lower priority for removal from the United States" and allowing him to apply for work authorization in the meantime.[5] He was granted employment authorization on August 23, 2023.[6]

Despite Martinez seeming to have been on the path to the "American Dream" that the government has laid out for people in his position, he has been in immigration custody since August 26, 2025.[7] Approximately a month earlier, he was arrested and detained by the Fort Worth Police Department for aggravated assault with a deadly weapon.[8] Although the details of what happened are entirely unclear from the record, Martinez maintains (and respondents offer no evidence to dispute) that "no case was ever filed," "[n]o case number was ever assigned," "[t]here were no court hearings," and the charges either were "dropped" or were "rejected" for filing.[9] U.S. Immigration and Customs Enforcement ("ICE") nevertheless took him into custody after he had spent about a month in county jail.[10]

ICE moved Martinez to New York and (presumably due to his age) put him into the custody of the Office of Refugee Resettlement ("ORR").[11] ORR is the agency within the U.S. Department of Health & Human Services responsible for unaccompanied minor noncitizens.

---

[2] *Id.* ¶¶ 29, 34.

[3] *Id.* ¶ 31; *see* Pet'r's Mot. Seal, Ex. A (Dkt 13-1).

[4] *See* 8 U.S.C. § 1255(h).

[5] Am. Pet. (Dkt 12) ¶ 31; Pet'r's Mot. Seal, Ex. A (Dkt 13-1).

[6] Am. Pet. (Dkt 12) ¶ 32.

[7] *Id.* ¶ 39; Pet'r's Mot. Seal, Ex. D (Dkt 13-4) at 2.

[8] Am. Pet. (Dkt 12) ¶ 37; Pet'r's Mot. Seal, Ex. D (Dkt 13-4) at 2.

[9] Pet'r's Mot. Seal, Ex. D (Dkt 13-4) at 2; *see* Am. Pet. (Dkt 12) ¶¶ 37-38.

[10] Am. Pet. (Dkt 12) ¶ 39.

[11] *Id.*

Martinez had spent a few weeks in ORR custody when he first entered the country in 2016, as an unaccompanied minor.[12] This time, however, Martinez spent over seven months in ORR custody.[13] And, on April 7, 2026, when Martinez turned 18 years old, ICE took him back into its custody.[14] ICE moved him first to a holding cell in 26 Federal Plaza, across the street from this courthouse, and then to MDC Brooklyn, where he remains.[15] On September 3, 2025, despite Martinez's SIJS, grant of deferred action, and then-status as a minor, respondents commenced removal proceedings against him.[16]

Martinez here seeks a writ of habeas corpus under 28 U.S.C. § 2241. On April 7, 2026 – the same day Martinez filed his habeas petition from 26 Federal Plaza[17] – the Part I judge in this district ordered respondents not to remove Martinez from the United States or transfer him to a facility outside this district, the Eastern District of New York, or the District of New Jersey. The Part I judge further ordered respondents to file a letter containing certain information regarding Martinez's detention and the purported authority under which they are detaining him. Upon assignment of this case on April 8, 2026, this Court issued a similar order to which respondents answered in a letter on April 10, 2026.

Respondents assert that they are detaining Martinez pursuant to the Immigration and Nationality Act Section 235(b)(2)(A).[18] Respondents agree, however, that there is no basis to distinguish this case from *Barco Mercado v. Francis*.[19] Specifically, they state that "on the primary legal issue presented in this case—whether the statutory authority for Petitioner's detention is 8 U.S.C. § 1226 or 8 U.S.C. § 1225(b)(2)(A)—this case is not materially distinguishable from this

---

[12] *Id.* ¶ 4.

[13] *Id.*

[14] *Id.* ¶ 44.

[15] *Id.* ¶¶ 44-45.

[16] Resp'ts' Apr. 10, 2026 Letter (Dkt 11) at 2.

[17] Am. Pet. (Dkt 12) ¶ 12.

[18] 8 U.S.C. § 1225(b)(2)(A).

[19] 811 F. Supp. 3d 487 (S.D.N.Y. 2025) (LAK).

Court's prior decision[] in *Barco Mercado*."[20] They therefore admit that *Barco Mercado* "would control that legal issue if the Court adheres to its prior decision."[21] The Court adheres to its prior decision.

Respondents nonetheless argue that "this case is distinguishable for purposes of a remedy."[22] They explain that, "[u]nlike the petitioner in *Barco Mercado*, Petitioner was arrested by the Fort Worth Police Department . . . , then transferred into ICE custody, then into the custody of . . . ORR . . . , and then into ICE custody again."[23] Respondents are correct that Martinez, unlike the petitioners in some of the other immigration habeas actions before this Court, "was not released on bond and then rearrested by ICE."[24] What respondents fail to do, however, is explain why that matters for purposes of crafting the appropriate remedy.

There is no evidence in the record that respondents detained Martinez after he was released from state custody for any reason other than his status as a noncitizen. Respondents do not argue in any meaningful sense that he was a flight risk or a risk to public safety. To be sure, they state that ICE's Enforcement and Removal Operations "concluded that the least restrictive conditions reasonable under the circumstances, due to the seriousness of the alleged violent criminal conduct, was detention."[25] But Martinez alleges (and respondents do not contest) that (1) his 2024 motor vehicle-related juvenile charges ended with dismissal of the case, and (2) no charges were filed against him with respect to the 2025 juvenile arrest.[26] Indeed, ORR recommended that he be released from custody once he turned 18 years old.[27] Most tellingly, respondents assert that Martinez is detained pursuant to Section 235(b)(2)(A) only. Were they genuinely arguing that ICE detained Martinez because, in its view, he constituted a threat to the public, there would be no reason for them to so rely on a statute that they (incorrectly) believe mandates detention for all noncitizens who entered the country illegally, irrespective of whether they pose a public safety threat.

---

[20] Resp'ts' Apr. 10, 2026 Letter (Dkt 11) at 2.

[21] *Id.* at 3.

[22] *Id.* at 2.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] Am. Pet. (Dkt 12) ¶¶ 36-38.

[27] Resp'ts' Apr. 10, 2026 Letter (Dkt 11) at 2.

Respondents' rationale for detaining Martinez thus boils down to ICE's belief that he is "removable."[28] Martinez's case is indistinguishable in any material sense from the several other immigration habeas actions in which this Court has found that respondents acted unlawfully and therefore ordered the immediate release of the petitioner, including just last week in *A.J.M.C. v. Genalo.*[29]

Accordingly, the amended petition for a writ of habeas corpus (Dkt 12) is granted. Respondents immediately shall release Martinez in the district in which he was detained – here, the Northern District of Texas – together and with any and all personal property seized from him upon his arrest, and shall file on the docket, no later than 5 p.m. on April 15, 2026, an affidavit or declaration confirming that they have released Martinez as directed. Pending a final determination in his removal proceedings, Martinez shall remain free of detention or any other restraint under the immigration laws of the United States to which he was not subject – including INA Section 235(b)(2)(A) – on August 26, 2025.

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:  April 14, 2026
Issued at:  *9:32 am*

Lewis A. Kaplan
United States District Judge

---

[28]  *Id.* at 3.

[29]  No. 26-cv-2717 (LAK), 2026 WL 937496 (S.D.N.Y. Apr. 7, 2026).